# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **JASON HENDRIX** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **v.** ) | **Jury Demand** |
| ) | |
| **RANDY KEENE, and** ) | |
| **CITY OF PULASKI, a Municipal** ) | |
| **Corporation in Giles County,** ) | |
| **Tennessee,** ) | |
| ) | |
| **Defendants.** ) | |

_____

## COMPLAINT

### Jurisdiction and Venue

1.      Plaintiff Jason Hendrix invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1343(a)(3) and 42 U.S.C.§ 1983.  This is an action for the redress of injuries caused by the deprivation of the Plaintiff Jason Hendrix's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States of America.

2.      Plaintiff invokes the pendent jurisdiction of this Court and Supplemental Jurisdiction under 28 U.S.C. §1367, and brings a separate cause of action for malicious prosecution under Tennessee common law.

3.      The unlawful actions alleged in this Complaint were committed in Giles County in the Middle District of Tennessee.

## Parties

4. Plaintiff Jason Hendrix is an adult male citizen of the United States of America and resident of Giles County, Tennessee.

5. Defendant Randy Keene is an adult male citizen of the United States of America and resident of Giles County, Tennessee.

6. Defendant City of Pulaski is a municipal corporation organized and existing under the laws of the State of Tennessee in Giles County, Tennessee.

7. Defendant Randy Keene at all times pertinent to the allegations herein was employed by the City of Pulaski as a police officer, and at all times pertinent to the allegations herein was acting under color of Tennessee state law.

## Factual Allegations

8. On or about April 9, 2005, Plaintiff was working at a job site near the new Home Depot in Pulaski, Tennessee as a flagger.

9. Plaintiff was in possession of a hard hat, safety vest, umbrella, and rain suit which belonged to his employer, Tycon Excavating.

10. Plaintiff had a co-worker named Eric Britton on the job site.

11. Defendant Keene arrived at the job site and instructed Plaintiff and Britton to go home because drivers had complained that they were interfering with the traffic in their duties.

12. Plaintiff obeyed the instructions of Keene and got in his vehicle and left the job site.

13. Eric Britton had left his personal radio in Plaintiff's van.

14. Keene later consulted with Britton and Plaintiff's supervisor, Patrick Tatum of Tycon Excavating, at the job site, to inquire if Plaintiff possessed any property of Britton's, Tatum's, or Tatum's company Tycon Excavating.

15. Britton informed Keene that Britton's radio was in Plaintiff's van, and requested Keene to ask Plaintiff to return the radio if he saw him.

16. Keene stated that he was looking for an excuse to arrest the Plaintiff and would use Plaintiff's possession of Britton's and Tycon Excavating property in order to justify his arrest.

17. Neither Britton, nor Tatum on behalf of Tycon Excavating, wished to press any charges against Plaintiff.

18. On or about April 12, 2005, Keene swore out a warrant for Plaintiff's arrest, alleging that Plaintiff was depriving a property owner of property without the owner's consent. A true and correct copy of the arrest warrant is attached to the Complaint as Exhibit 1.

19. Keene and Plaintiff are related by marriage, and Keene's true motive in swearing out the arrest warrant was a personal grudge against Plaintiff stemming from a family dispute.

20. On or about April 12, 2005, after swearing out the arrest warrant, Keene contacted Hendrix by telephone and advised Hendrix to surrender his person or he would be arrested.

21. Hendrix surrendered his person to Keene in response to the telephone call.

22. Keene placed Hendrix in handcuffs upon Hendrix's surrender, and placed Hendrix in jail.

**23.** Plaintiff remained in jail for a period of seven to eight hours before he was able to post bond and obtain his conditional release.

**24.** The charges against Plaintiff initiated by Keene ultimately were dismissed for lack of probable cause.

25. Keene acted intentionally and maliciously, or recklessly, in initiating the prosecution of Plaintiff without probable cause and unreasonably seizing the Plaintiff's person.

26. As a consequence of Keene's actions, Plaintiff has suffered loss of income, shame, humiliation, embarrassment, degradation, and loss of reputation.

## <u>First Count</u>

27. Plaintiff realleges paragraphs 1 – 26 and incorporates the same by this reference as though fully set forth herein.

28. Defendant Keene unreasonably seized the person of Jason Hendrix in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment to the Constitution of the United States of America. Keene is liable to Plaintiff for compensatory and punitive damages, and attorneys fees pursuant to 42 U.S.C. § 1988.

## <u>Second Count</u>

29. Plaintiff realleges paragraphs 1 - 28 and incorporates the same by this reference as though fully set forth herein.

30. Keene is liable to Jason Hendrix for malicious prosecution under Tennessee common law.

## Third Count

31.     Plaintiff realleges paragraphs 1 – 30 and incorporates the same by this reference as though fully set forth herein.

32.     Defendant Randy Keene has made a custom and practice of unreasonably seizing the persons of Giles County citizens in violation of their rights under the Fourth Amendment to the Constitution of the United States of America.

33.     The City of Pulaski has adopted the custom, practice, or policy of having its police officers, including Keene, to unreasonably seize the persons of Giles County citizens in violation of their rights under the Fourth Amendment to the Constitution of the United States of America.

34.     The City of Pulaski has made it a custom, policy, or practice to fail to train its police officers sufficiently to prevent them from violating the rights of citizens to be free from unreasonable seizures.

35.     As a result of the City of Pulaski's unconstitutional customs, practices, or policies, Plaintiff Jason Hendrix was deprived of his rights to be free from unreasonable seizure under the Fourth Amendment to the Constitution of the United States of America.

36.     Defendant City of Pulaski is liable to Plaintiff Jason Hendrix for violating his Fourth Amendment rights.

Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages in amounts to be proven at trial, punitive damages to be determined by a jury, and the costs of this action including reasonable attorneys' fees, and such other, further,

or different relief to which the Plaintiff may be entitled as the Court deems just and

proper.

## **Jury Demand**

Plaintiff demands a trial by jury of all issues so triable.



Respectfully Submitted:

/s/ Jerry E. Farmer
Jerry E. Farmer
Attorney and Counselor At Law
6 Public Square North
Murfreesboro, TN  37130
(615) 893-4020